214 N.J. Super. 43 (1986)
518 A.2d 482
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JACINTO K. HIGHTOWER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1986.
Decided November 3, 1986.
Before Judges KING, DEIGHAN and HAVEY.
John L. Call, Jr., argued the cause for appellant.
James A. Ronca, Assistant County Prosecutor, argued the cause for respondent (Stephen G. Raymond, Prosecutor of Burlington County, of counsel).
The opinion of the court was delivered by KING, P.J.A.D.
In this case defendant was convicted on October 30, 1986 of capital murder during the guilt phase of his jury trial in Mount Holly. He was found guilty of the purposeful and knowing felony murder of an employee of a grocery store during the course of a robbery. Before the start of the sentencing phase of his capital trial, defendant told his lawyer that he did not *44 want to contest the State's pursuit of the death penalty. He ordered his counsel not to present evidence in mitigation of his crime and of the death penalty. He also said that he wanted the death penalty imposed and did not wish to serve 30 years to life in State Prison. However, he does wish to appeal the finding of guilt.
The Law Division judge who conducted the guilt phase of the trial immediately ordered a psychiatric examination by the Burlington County physician. This examination was conducted on Friday morning, October 31. On that afternoon he gave testimony that defendant was legally competent and understood what he was doing. The judge then ruled that the defendant's wishes must prevail in this circumstance. Counsel was told by the judge that defendant's desires were paramount to counsel's desire to pursue a full and vigorous presentation in mitigation before the jury during the punishment phase. Defense counsel was prepared to present six witnesses expert in the medical and social sciences to testify as to various factors in mitigation.
Because of the novelty and the obvious importance of the issue, see State v. Koedatich, 98 N.J. 553 (1984), we granted the motion for leave to appeal filed by defense counsel, who felt an obligation to seek a review of the Law Division order which states "that defense counsel abide by the request of the defendant not to present the evidence to support the existence of mitigating factors, which would include the testimony of Dr. James D. Nelson, M.D.; Dr. Mona Margarita, Ph.D.; Ms. Cessie Alfonso, A.C.S.W.; Dr. Ira L. Fox, M.D.; Dr. John H. Diepold, Jr., Ph.D.; and Dr. T.J. Chamberlain, M.D." See R. 2:2-4. We scheduled and heard oral argument in chambers at 9 a.m. on Monday, November 3, and then issued an order summarily accelerating disposition of this matter, R. 2:11-2; R. 2:8-3(b), and summarily reversed the order of the Law Division judge.
Certainly tension exists between the desires of the client as expressed to his lawyer and the constitutional necessity to insure that the ultimate penalty is not extracted in a "wanton and freakish manner." See Furman v. Georgia, 408 U.S. 238, 309-310, 92 S.Ct. 2726, 2762, 33 L.Ed.2d 346 (1972). In normal circumstances, the lawyer is required by the Rules of Professional Conduct to "abide by a client's decisions concerning the objectives of representation." RPC 1.2(a). See also Gilmore v. Utah, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976), where the United States Supreme Court by a 5-4 memorandum decision allowed a condemned defendant to waive his rights to *45 federal review and submit to execution. Dissents were filed in Gilmore by four members who still remain on the High Court today (Justices Brennan, Marshall, White and Blackmun).
Under our statutory scheme, a jury may impose the death penalty only if the aggravating factors outweigh the mitigating factors beyond a reasonable doubt. N.J.S.A. 2C:11-3(c)(3)(a).[1] If the jury did not hear the evidence allegedly in mitigation, it could have difficulty discharging its statutory, and indeed moral, duty. Our conclusion is reinforced by a recent amendment to the death penalty statute which requires that an appeal must be taken even if defendant does not want to appeal and that our State Supreme Court must review the issue of proportionality of the sentence on defendant's request. N.J.S.A. 2C:11-3(e).[2] The amended statute says
e. Every judgment of conviction which results in a sentence of death under this section shall be appealed, pursuant to the Rules of Court, to the Supreme Court. Upon the request of the defendant, the Supreme Court shall also determine whether the sentence is disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. In any instance in which the defendant fails, or refuses to appeal, the appeal shall be taken by the Office of the Public Defender or other counsel appointed by the Supreme Court for that purpose.[3]
*46 The predecessor statute merely provided for a permissive, not mandatory, appeal on the guilt and proportionality issues. We conclude that even permissive review only on the proportionality issue compels the conclusion that the jury must at least listen to any relevant evidence on mitigation which his manifestly competent defense counsel here chooses to offer.
The defendant now says he only wants to appeal the guilt phase and not challenge the penalty phase, and inferentially also not challenge the proportionality of the death penalty as applied to him. But this is no guarantee that he will still think this way if the death penalty is imposed. Defendant's present desire thus may eventually thwart effective proportionality review or require a new trial on the penalty phase. We conclude that the jury should hear all relevant testimony.
As we noted in State v. Wiggins, 158 N.J. Super. 27, 31 (App.Div. 1978), cited with approval in State v. McCombs, 81 N.J. 373, 378 (1979), "there are higher values at stake here than a defendant's right to self-determination," quoting Chief Justice Burger in Mayberry v. Pennsylvania, 400 U.S. 455, 468, 91 S.Ct. 499, 506, 27 L.Ed.2d 532 (1971).
Reversed.
NOTES
[1] 1986 New Jersey Session Law service, No. 3 at A-2, Appendix 1  "Reconciliation of Conflicts."
[2] See n. 1 re Appendix 1  "Reconciliation of Conflicts."
[3] The explanation of the reconciliation process is found at Appendix 1, A-6 of No. 3 of the New Jersey Session Law Service. It reads in full

L. 1985, c. 478, § 1, was corrected by the Legislative Counsel with the concurrence of the Attorney General under the authority of § 1:13-1 to incorporate the amendment of this section by L. 1985, c. 178 § 2 by substitution of "shall" for "may" before "be sentenced" in subsec. b; addition of the last sentence to the second paragraph of par. (1) of subsec. c.; in par. (2) of subsec. c., insertion of the subpar. (a) designation, addition of "but shall not have a burden with regard to the establishment of a mitigating factor" in the second sentence of subpar. (a), insertion of subpars. (b) and (c), designation of the former last two sentences as subpars. (d) and (e), and addition of subpar. (f); in par. (3) of subsec. c. substitution of "outweighs beyond a reasonable doubt" for "is or is not outweighed by" in the second sentence, and substitution of "factors exist and that all of the aggravating factors outweigh beyond a reasonable doubt all of the" for "factor exists and is not outweighed by one or more"; in subpar. (a), and substitution of "all of the aggravating factors which exist do not outweigh all of the" for "any aggravating factors which exist are outweighed by any one or more" in subpar. (b); in par. (4) of subsec. c., deletion of the former subpar. (a) which formerly read: "The defendant has previously been convicted of murder" added a new subpar. (a), substituted "assault" for "battery" in subpar. (c), and inserted "murder" in subpar. (g); in subsec. e., deletion of "which shall also determine whether the sentence is disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant" and addition of the second sentence; and by addition of subsec. f.