ANDREW FULKERSON, Special Justice, concurring in part and dissenting in part. I concur with the majority’s conclusion that appellant, Steven Victor Wertz, did not receive ineffective assistance of counsel during the guilt phase of his trial. However, I would hold that Wertz received ineffective assistance of counsel during sentencing, In appeals of post-conviction proceedings, we will not reverse unless a circuit court’s decision is clearly erroneous. State v. Barrett, 371 Ark. 91, 95, 263 S.W.3d 542 546 (2007). The circuit court’s conclusion that Wertz waived the mitigation investigation and defense is clearly erroneous. Therefore, I respectfully dissent. In Coulter v. State, this court observed: The constitutional guarantee of effective assistance of counsel extends to the sentencing phase of the defendant’s trial. Counsel’s failure to investigate and present substantial mitigating evidence during the sentencing phase may constitute ineffective assistance of counsel. Counsel is obligated to conduct an investigation for the purpose of ascertaining | ^mitigating evidence, and the failure to do so is error. Such error, however, does not automatically require reversal unless it is shown that, but for counsel’s errors, there is a reasonable probability that the sentence would have been different. When reviewing a claim of ineffectiveness based upon failing to present adequate mitigating evidence, we must view the totality of the evidence — both that adduced at trial and that adduced in the postconviction proceeding. 343 Ark. 22, 29, 31 S.W.3d 826, 830 (2000) (internal citations omitted). While the decision not to investigate or present mitigating evidence can be considered a matter of trial tactics or strategy, “a ‘total abdication of duty" to prepare a mitigation case ‘should never be viewed as permissible trial strategy.’ ” Sanford v. State, 342 Ark. 22, 31, 25 S.W.3d 414, 420 (2000) (quoting Pickens v. Lockhart, 714 F.2d 1455 (8th Cir.1983)). In Sanford, again quoting from Pickens, the court stated: The lawyer also has a substantial and important role to perform in raising mitigating factors both to the prosecutor initially and to the court at sentencing. This cannot effectively he done on the basis of broad general emotional appeals or on the strength of statements made to the lawyer by the defendant. Information concerning the defendant’s background, education, employment record, mental and emotional stability, family relationships, and the like, will be relevant, as will mitigating circumstances surrounding the commission of the offense itself. Investigation is essential to fulfillment of these functions. Id. at 33-34, 25 S.W.3d at 422. Stacy Worthington Chism, a mitigation specialist for the Arkansas Public Defender Commission, testified during the Rule 37 hearing and described the mitigation evidence that she was able to assemble on behalf of Wertz. This included documents and photographs from childhood, his baby book, school records, swim-team medals and newspaper clippings, certificates related to his career as a law enforcement officer, and photographs of Wertz with his children and his grandchildren. None of this evidence was offered during the sentencing phase of his trial. Chism testified that “[t]he main objective in a sentencing phase is you tell thej^life story of the defendant. What you are doing is trying to save his life by humanizing him.” The majority, addressing only the prejudice prong of Strickland, concludes that “although Chism testified about how she would conduct her mitigation investigation and the evidence she had discovered about Wertz ... this testimony did not amount to specific mitigation evidence demonstrating that Wertz was prejudiced.” This conclusion, however, entirely misses the point. As this court stated in Sanford, information concerning the defendant’s background, education, employment record, mental and emotional stability, family relationships, and the like, will be relevant. The evidence demonstrated prejudice by showing what an effective attorney would have investigated and presented to humanize Wertz to the jury. In this case, based on the limited mitigating evidence presented, which defense counsel purportedly offered against Wertz’s wishes, the jury did not find any mitigating circumstances. The clear import of Chism’s evidence would have been to humanize Wertz to the jury. The effective use of mitigation evidence is all the more important in a state such as Arkansas in which it takes only one juror to be touched by one or more mitigating factors and change a sentence from death to life without the possibility of parole. The very limited mitigation evidence offered at Wertz’s trial was far from what, as decidedly shown by Chism’s testimony, could have been discovered and offered. A thorough and proper mitigation investigation such as that described by Chism could have done much to “humanize” Wertz in the eyes of the jury. It is important to recognize that, but for defense counsel’s failure to investigate, there is a reasonable possibility that a mitigating circumstance would have been found and that a single 124.juror would have chosen life. It may have been a valid, strategic decision to not call a witness who trial counsel believed would be unhelpful. The voluminous mitigating evidence collected by Mitigation Specialist Stacy Worthington Chism could have been offered through virtually any witness (Mrs. Wertz, for example, who did read a prepared statement during the sentencing phase), as the Rules of Evidence do not apply to admission of mitigating circumstances. Ark.Code Ann. § 5-4-602(4)(B)(i) (Repl.2013). After a finding by the jury of aggravating circumstances, the failure to have presented any meaningful mitigating circumstances makes the death penally all but inevitable. The evidence demonstrated that defense counsel’s performance was deficient. The United States Supreme Court has emphasized that “Strickland, does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing,” and does not “require defense counsel to present mitigating evidence at sentencing in every case.” Wiggins v. Smith, 539 U.S. 510, 533, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). Nevertheless, it is well established that strategic choices made after less than complete investigation are reasonable only to the extent that reasonable professional judgments support the limitations on investigation, and a decision not to investigate must be directly assessed for reasonableness in all the circumstances. Id. Defense counsel’s failure to conduct an investigation of mitigating circumstances meant that Wertz’s purported waiver of a mitigation investigation was not made knowingly and voluntarily. Though not addressed by the majority, the State argues that Wertz made a decision to forego mitigating evidence. This is the first case in which this court has been asked whether 12Ba capital defendant can waive defense counsel’s investigation of mitigation evidence. Wertz’s purported waiver is contained in the trial record: Defense Counsel: Judge, there are two things I want to put on the record. The first one is that early on into this— my representation of Mr. Wertz he instructed me not to conduct a mitigation investigation. And I don’t think it’s necessary that I go on record as to the reasons why. The Court: It’s up to him. Defense Counsel: He instructed me not to go into any mitigating events anyway but there — as opposed to an investigation which — that encompasses the whole different matter and the other thing, Your Honor is that Mr. Wertz, both at the guilt phase and now at the penalty phase has decided not to take the witness stand. The Court: Is that correct? Defendant: Sir, what? The Court: Is that correct? Defendant: Yes. The colloquy among defense counsel, the court, and Wertz is a discussion of two distinct subjects: Wertz’s decision not to conduct a mitigation investigation and Wertz’s decision to not take the witness stand. It is evident from this exchange that the court, in asking whether defense counsel was correct, was asking whether Wertz had decided not to take the stand, and Wertz affirmed that this was correct. Wertz’s response was decidedly not a waiver of a mitigation investigation. Thus, the manner in which this exchange was conducted renders it impossible to ascertain the wishes of Wertz about how to conduct the sentencing phase of his trial; the existence of a waiver of mitigation by Wertz is far from clear. This on-the-record exchange is wholly insufficient for a finding that Wertz waived a mitigation investigation or defense. Defense counsel testified that Wertz directed him to conduct no mitigation defense. Wertz denied that allegation. The assertion by defense counsel that Wertz did not desire a ^mitigation defense is suspect given the conduct of Mrs. Wertz, who met with defense counsel and another attorney and discussed mitigation issues and a fee of $35,000. A short time thereafter, Mrs. Wertz forwarded payment in the amount of $35,000. Her other payments were in the amounts of $10,000, $15,000, $10,000, and $5,000, respectively. The $35,000 payment following the meeting starkly contradicts defense counsel’s assertion. The assertion that Wertz did not desire a mitigation defense is further clouded by the fact that defense counsel did, in fact, put on some very limited evidence in mitigation with no objection from Wertz. A capital defendant may use his own judgment to his detriment and thwart his counsel’s efforts to investigate or present mitigation issues. Singleton v. Lockhart, 962 F.2d 1315, 1322 (8th Cir.1992). However, defense counsel and the court must take steps to ensure that this is a knowing and voluntary waiver of an important right. Id. It is essential that defense counsel and the court ensure that the decision of the defendant to not investigate or present mitigation issues is a knowing and voluntary waiver. This showing of a knowing and voluntary waiver is absent from both the trial record and the Rule 37 hearing. The failure by counsel to clearly enunciate on the record the fact that Wertz prevented or limited an investigation into potential mitigation evidence and limited any use of mitigation evidence at the sentencing phase of the trial violates the due-process rights of Wertz. Similarly, the failure of the trial court to ensure that the defendant did intend to prevent or limit counsel’s investigation or use of mitigating evidence is a violation of due process. In Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007), the United States Supreme Court pointed __|2jOut they had not previously found an “informed and knowing” requirement in the decision to not offer evidence. But in Landrigan’s habeas petition, the question was not whether an “informed and knowing” requirement should be imposed, but whether the state court was reasonable in finding that existing federal law did not require such requirement at the time of his postconviction hearing. The Landrigan Court also noted that if there were such a requirement, it would not be in issue for that defendant. It is clear from a review of the transcript that Landrigan, did not want to offer mitigation evidence. The questions by counsel and the court were unequivocal. That is not the case with Wertz. There must be some standard established in this court as to how a circuit court should accommodate a defendant who wishes to waive all or part of a mitigation defense or investigation. The United States Supreme Court has recognized that “the penalty of death is qualitatively different from a sentence of imprisonment, however long.” Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). This qualitative difference “calls for a greater degree of reliability when the death sentence is imposed.” Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Justice O’Connor stated in a concurring opinion that “extraordinary measures” should be followed to ensure due process in a capital case. See Eddings v. Oklahoma, 455 U.S. 104, 118, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). The determination of whether a capital defendant has made a knowing and voluntary waiver of a mitigation investigation or defense must be viewed in light of this heightened standard of review. Several courts have opined on whether a defendant may waive the investigation into mitigating evidence. See State v. Johnson, 401 S.W.3d 1, 15 n. 8 (Tenn.2013) (collecting cases). lasThe Tennessee Supreme Court, in Zagorski v. State, 983 S.W.2d 654, 660 (Tenn.1998), established a three-prong process for situations in which a defendant wishes to forego mitigation in a capital trial. Defense counsel must inform the court outside the presence of the jury of this decision by the defendant. To protect the defendant’s interests, and to preserve a complete record, the trial court must (1) inform the defendant of his right to present mitigating evidence and make a determination on the record whether the defendant understands this right and the importance of presenting mitigating evidence in both the guilt phase and the sentencing phase of trial; (2) inquire of both the defendant and counsel whether they have discussed the importance of mitigating evidence, the risks of foregoing the use of such evidence, and the possibility that such evidence could be used to offset aggravating circumstances; (3) after being assured that the defendant understands the importance of mitigation, inquire of the defendant whether he or she desires to forego the presentation of mitigating evidence. This procedure will ensure that the accused has intelligently and voluntarily made a decision to forego mitigating evidence. Alabama has adopted the Zagorski procedure for waiver of mitigation. Whitehead v. State, 955 So.2d 448, 454 (Ala.Crim.App.2006). The Utah Supreme Court has held that a defendant may waive mitigation and affirmed such a waiver following a “lengthy and searching inquiry” into whether the defendant was aware of the nature and purposes of mitigation evidence and whether defendant was making a knowing and voluntary waiver. State v. Maestas, 299 P.3d 892, 961 (2012). The petitioner appears to seek a bright-line rule that a capital defendant cannot waive |2na mitigation investigation for the reason that a defendant cannot make a knowing and informed decision without a full and complete investigation of all possible facts and circumstances that could be considered as mitigating to a juror. A New Jersey court has held that a capital defendant cannot waive mitigation, and defense counsel may present mitigation evidence over the objection of the defendant. See State v. Hightower, 214 NJ.Super. 43, 518 A.2d 482 (1986). This position is contrary to the basic principle that the defense belongs to the defendant. “The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of “that respect for the individual which is the lifeblood of the law.” Illinois v. Allen, 397 U.S. 337, 350-51, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (Brennan, J., concurring). A defendant in a capital case may knowingly and voluntarily waive the investigation of possibly mitigating circumstances and may waive or limit the presentation of possibly mitigating circumstances to a jury. In sum, Wertz’s counsel was ineffective for failing to conduct an investigation into mitigating evidence or presenting sufficient evidence of a knowing and voluntary waiver of mitigation so that' it can be said that Wertz knowingly and voluntarily waived his right to present mitigating evidence. As demonstrated by the evidence adduced at the Rule 37 hearing, defense counsel failed to present easily obtained mitigating evidence. Further, Arkansas does not currently have a protocol or procedure for determining the voluntariness of a defendant’s waiver of mitigation. This court should require that any waiver of investigation or presentation |anof mitigating circumstances in a capital trial be a knowing and voluntary waiver. To ensure a valid waiver a trial court should make an inquiry on the record as to whether the defendant understands the nature and purposes of mitigation evidence. The trial court should further make inquiry to ascertain whether the defendant knowingly and intelligently makes any waiver of an investigation or presentation of evidence related to mitigating evidence. The court should then make specific findings on the record as to whether any waiver by the defendant is knowing and voluntary. HART, J. Joins in this concurrence in part and dissent in part.