158 N.J. Super. 27 (1978)
385 A.2d 318
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEROY WIGGINS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1978.
Decided March 22, 1978.
*29 Before Judges HALPERN, LARNER and KING.
Ms. Susan Slovak, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney; Ms. Kathryn A. Brock, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Solomon Forman, First Assistant Prosecutor, argued the cause for respondent (Mr. Richard J. Williams, Atlantic County Prosecutor, attorney).
Mr. Barry T. Albin, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. William F. Hyland, former Attorney General of New Jersey).
The opinion of the Court was delivered by KING, J.A.D.
A jury found defendant guilty of robbery, assault with intent to rob, and atrocious assault and battery. He was sentenced to 9 to 11 years aggregate in State Prison, to run consecutive to all sentences he was presently serving. Defendant appeals, raising a novel right to counsel question.
This is the background. A jury was selected, but remained unsworn. Defendant then presented pretrial motions, advanced through his counsel, to have a prison inmate act as cocounsel, to dismiss the indictment for lack of speedy trial, and to conduct a Wade hearing. They were denied. The prosecution then moved to exclude the testimony of eight defense witnesses, all prison inmates, because the defense did not comply with the requirements of discovery R. 3:13-3. These inmates reputedly would have attacked the credibility of the testimony of a State's witness, Ollie Johnson. The judge granted the State's motion and refused to fashion a less drastic alternative than total exclusion of their testimony.
*30 A verbal exchange between the judge, counsel and defendant followed, fueled by defendant's frustration upon losing the pretrial motions. The exchange concluded with defendant discharging his attorney and leaving the courtroom. Before leaving, defendant admitted he was not competent to represent himself. Defendant was advised by the judge that he could return to the courtroom at any time. After defendant left the courtroom, defense counsel expressed his belief that "the man should have representation," but apparently agreed with the judge that "if he doesn't want me, there is no way I can force him, any more than you can, judge."
The trial judge concluded that he could not force counsel on defendant. Defense counsel remained in the courtroom but did not participate in the trial. The jury was sworn, the prosecutor opened, presented three witnesses, rested his case, and closed to the jury. The judge charged the jury, which deliberated for one-half hour and returned the guilty verdict.
On appeal the Public Defender contends that defendant was denied the effective assistance of counsel, in violation of the Sixth Amendment of the Federal Constitution and of the State Constitution. N.J. Const. (1947), Art. I, par. 10. The Public Defender argues that the trial judge erred in not ordering defense counsel to remain in the case and participate vigorously in the defense, even though defendant was unwilling to represent himself or accept designated counsel. The Prosecutor of Atlantic County and the Attorney General both appear on this appeal and take somewhat divergent paths. Both urge affirmance of this conviction on the theory of effective waiver of counsel. The prosecutor contends that this criminal defendant freely and knowingly embarked on a self-determined course of disruption and should have no cause for complaint at this point. He says defendant waived counsel, and waived his right to be present, and we should not indulge him at this *31 point, where he undertook to disrupt the orderly and traditional conduct of his trial.
The Attorney General, while agreeing that this defendant's conviction should be affirmed, asks us to articulate a rule for the future in this situation. The Attorney General suggests "that where a defendant attempts to undermine the trial process by refusing to remain in the courtroom and by dismissing counsel, the trial judge, whose immediate purpose is to ensure an orderly and fair trial, should assign counsel to represent defendant, even against his wishes, and if necessary without his cooperation."
The proceeding here was not a conventional trial. We hold that the judge should have ordered counsel to remain at the bar and participate as vigorously as circumstances permitted in the defense of the accused. Defense counsel should have been instructed to open to the jury, cross-examine the State's witnesses, call defense witnesses if available, close to the jury, submit appropriate requests to charge, and object to the charge, if necessary. We would then be convinced that defendant, although uncooperative and obstructive, received his constitutional entitlement to a trial by jury.
What we observe in this record is not a trial but an ex parte, nonadversarial, in absentia proceeding, not unlike a grand jury presentation. Indeed, in contrast to a conventional trial, this was almost a charade. The record does not support an effective waiver of counsel under the required constitutional standard, and we should indulge in every reasonable presumption against a waiver. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938). Even if the record supported a waiver, we would not allow a defendant to waive his right to counsel and also his right to conduct his own defense. To do so would be to rule, in effect, that no trial would occur. Since Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), a defendant has the clear constitutional right to conduct his own defense, unassisted or unfettered by counsel. The county prosecutor urges upon us that Faretta implies a correlative *32 right upon this defendant to waive his own appearance and any personal conduct of the defense, but we do not agree.
There are higher values at stake here than a defendant's right to self-determination. We find the analysis by Chief Justice Burger, concurring, in Mayberry v. Pennsylvania, 400 U.S. 455, 467-468, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), applicable.
In every trial there is more at stake than just the interests of the accused; the integrity of the process warrants a trial judge's exercising his discretion to have counsel participate in the defense even when rejected. A criminal trial is not a private matter; the public interest is so great that the presence and participation of counsel, even when opposed by the accused, is warranted in order to vindicate the process itself. The value of the precaution of having independent counsel, even if unwanted, is underscored by situations where the accused is removed from the courtroom under Illinois v. Allen [397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353]. The presence of counsel familiar with the case would at the very least blunt Sixth Amendment claims, assuming they would have merit, when the accused has refused legal assistance and then brought about his own removal from the proceedings. [400 U.S. at 468, 91 S.Ct. at 506]
The Chief Justice further commented: "No circumstance[s] that comes to mind allows an accused to interfere with the absolute right of a trial judge to have such `standby counsel' to protect the rights of accused persons `foolishly trying to defend themselves,'...." Id. The trial judge similarly has an absolute right to implement participation of effective counsel for the criminal defendant who foolishly walks out of the courtroom, desiring neither to participate nor to defend himself. Our highest court had previously noted the utility of "standby counsel" in cases where defendants chose the route of self-representation. See State v. Sinclair, 49 N.J. 525, 552 (1967); State v. Davis, 45 N.J. 195, 199 (1965).
The right of the trial judge to control the proceeding and insure a trial of a defendant which comports with due process concepts is not at odds with the right of self-representation *33 recognized in Faretta v. California, supra. As Justice Stewart noted:
We are told that many criminal defendants representing themselves may use the courtroom for deliberate disruption of their trials. But the right of self-representation has been recognized from our beginnings by federal law and by most of the States, and no such result has thereby occurred. Moreover, the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353. Of course, a State may  even over objection by the accused  appoint a "standby counsel" to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary. See United States v. Dougherty, 154 U.S. App. D.C. 76, 87-89, 473 F.2d 1113, 1124-1126.
[422 U.S. at 834, n. 46, 95 S.Ct. at 2541.]
See also, A.B.A. Standards, "The Function of the Trial Judge," § 6.7, 6.9 (1972).
The Illinois appellate court recently considered a similar situation in People v. Bell, 49 Ill. App.3d 140, 7 Ill. Dec. 40, 363 N.E.2d 1202 (Ct. App. 1977). Defendant sought to discharge his counsel during the course of a murder trial. On appeal defendant contended his right to self-representation was impinged because the trial judge required his counsel to continue the defense, over defendant's protest. The Illinois court, noting the public defender's efforts "were in all respects of the very highest order," stated: "It goes without saying that a criminal defendant will not be permitted to interrupt a trial in progress for the purpose of changing counsel or representing himself and cause a mistrial and the re-summoning of the witnesses. * * *" 7 Ill. Dec. at 45, 363 N.E.2d at 1207. We quite agree that the right of self-representation, or the right to be absent from the proceedings, is not a license to disrupt the criminal calendar, or a trial in progress.
In Thomas v. State, 550 S.W.2d 64 (Tex. Cr. App. 1977), the appellate court of Texas was confronted with *34 an almost identical situation. On the day of trial defendant insisted he did not want representation by his court-appointed counsel. Defendant did not want to represent himself, admitting his incompetence, but wanted another lawyer. The trial proceeded, the attorney was ordered by the judge not to participate, and defendant did not himself participate. The Texas Court of Criminal Appeals reversed the conviction, holding that the trial judge should have required counsel to actively participate. The court said:
No waiver having been made here, the trial court should have ordered counsel to render the fullest possible legal representation under the circumstances with or without the cooperation of defendant, bearing in mind, as the Supreme Court noted in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), that the attorney who represents a criminal defendant is "bound by professional duty to present all available evidence and arguments in support of [the client's] positions and to contest with vigor all adverse evidence and views." The court committed reversible error, therefore, in ordering appellant's counsel "not to project yourself into the trial in any manner, including the making of objections." [Id. at 68]
The result we reach here comports with the policy of the New Jersey courts to refuse requests to discharge competent assigned counsel, absent "a showing of substantial cause." State v. Lowery, 49 N.J. 476, 489-490 (1967). See State v. Smith, 43 N.J. 67, 72-73 (1964), cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965). This is especially true where defendant's motive may be disruption of the proceeding. See State v. Reddy, 137 N.J. Super. 32, 35-36 (App. Div. 1975), where this court noted that there is no absolute right to a particular attorney.
We note that the principal substantive claim of error on this appeal raised by the Public Defender would have been obviated if counsel had been compelled to participate in the defense. Ollie Johnson, an inmate at Leesburg State Prison, was called as a witness to the crime. Johnson admitted he was with defendant at the time the assault and robbery were committed, although he of course did not admit his *35 participation therein. Johnson described how defendant knocked down the victim, took his money and fled. There was no one to cross-examine Johnson.
Standby counsel could have, at the minimum, cross-examined Johnson about his criminal record. N.J.S.A. 2A:81-12; State v. Hawthorne, 49 N.J. 130 (1967). Counsel could have also inquired into any motive Johnson, who was easily within the ambit of suspicion, might have to give such testimony against defendant, whether by way of promise of immunity in this case, or leniency on other pending charges. E.g., State v. Carter, 69 N.J. 420 (1976); State v. Spano, 69 N.J. 231 (1976). Counsel could have also pressed for a jury charge instructing that careful scrutiny be given to a witness who may himself be involved in the criminal transaction, have a special interest in the outcome of the case, or expect favorable treatment or reward. See State v. Begyn, 34 N.J. 35, 54 (1961); State v. Engels, 32 N.J. Super. 1, 13-14 (App. Div. 1954).
The Public Defender also questions on this appeal the accuracy of the victim's identification. Defendant was briefly returned to the courtroom and identified by the victim. It is conceivable that an effective cross-examination by standby counsel could have raised a doubt in the jurors' minds about the accuracy of the in-court identification made 13 months after the crime, and which was clouded by possible suggestivity.
We point these matters out only to demonstrate that competent counsel, even without a defendant's presence and cooperation, can usually do much to guarantee the integrity of the jury trial process by his participation, thereby insuring that a conviction, if obtained, does indeed carry the implication the word intends to convey.
We see no need to resolve the points of alleged trial error raised by defendant, other than the effective assistance of counsel issue. Reversed and remanded for a new trial consistent with the principles set forth in this opinion.
Reversed and remanded.