617 P.2d 1154

The STATE of Arizona, Appellee,

v.

James Edward MORSE II, Appellant.

No. 2 CA–CR 1896–3.

Court of Appeals of Arizona,
Division 2.

Feb. 1, 1980.

Rehearing Denied March 13, 1980.

Review Granted April 1, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Donald S. Klein, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Defendant raises six issues on his appeal from a conviction of theft of a motorcycle with a prior felony conviction. He challenges the denial of his motion to suppress statements he made to the arresting officer; the giving or failure to give jury instructions on ignorance of the law, the presumption of innocence, and the necessity of *Miranda*[1] warnings; the enhancement of his sentence as a result of the county attor-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ney's policy of refusing to dismiss allegations of prior convictions once trial has commenced; and the requirement that he be present at the trial on the allegation of a prior conviction despite his waiver of his right to be present. We find no error and affirm.

 Suppression of statements he made to a police officer who had not yet given him *Miranda* warnings was not required merely because the officer testified defendant was not free to go. Custody is an objective condition and the subjective intent of the interrogator is not in itself a sufficient basis to conclude that custody exists. *State v. Kennedy*, 116 Ariz. 566, 570 P.2d 508 (App.1977).

■ Counsel's general objection to an instruction regarding ignorance of the law was insufficient to preserve as error the giving of the instruction. 17 A.R.S. Rules of Criminal Procedure, rule 21.3(c). Further, the defense theory at trial was that defendant had found the motorcycle that he was alleged to have stolen. The instruction could only have confused the jury as to count 2 of the indictment, charging theft of lost or mislaid property, and in view of his conviction on count 1 rather than count 2 any error was harmless beyond a reasonable doubt.

The presumption of innocence was adequately covered by the court's stock instructions.

■ Issues concerning the giving of *Miranda* warnings need not be submitted to the jury. *State v. Stone*, 122 Ariz. 304, 594 P.2d 558 (App.1979).

■ The county attorney's policy of refusing to dismiss allegations of prior convictions once trial has commenced did not deprive defendant of due process of law. *See Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

■ After defendant's waiver of his right to a jury trial on the allegation of a prior felony conviction, it was not error to require his presence for identification at the subsequent court hearing. *See People v. Green*, 95 Cal.App.3d 991, 157 Cal.Rptr. 520 (1979). A defendant's waiver of his right to be present does not create a right not to be present. In the only case argued by defendant as recognizing the latter right, *State v. Wiggins*, 158 N.J.Super. 27, 385 A.2d 318 (1978), there is no suggestion of error in the fact that the defendant "was briefly returned to the courtroom and identified by the victim." 385 A.2d at 322.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.