74 A.3d 1008

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. EDIXON VASQUEZ, A/K/A EDIXON BARRERA, EDIXON H. VASQUEZ, EDISON VASQUEZ, EDISON H. VASQUEZ, EDIXSON VAS-QUEZ–BARRERA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 10, 2013—Decided August 28, 2013.

Before Judges AXELRAD, SAPP–PETERSON and HAAS.

*Joseph E. Krakora,* Public Defender, attorney for appellant (*Daniel V. Gautieri,* Assistant Deputy Public Defender, of counsel and on the brief).

*Theodore J. Romankow,* Union County Prosecutor, attorney for respondent (*Sara B. Liebman,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SAPP–PETERSON, J.A.D.

Defendant appeals from the trial court order denying his motion to adjourn his sentencing in two indictments. We consider the recurring dilemma confronting trial courts when a defendant expresses dissatisfaction with representation by current counsel at sentencing after the court has denied an adjournment request to obtain new counsel. The court placed on the record strong and sustainable reasons justifying denial of the adjournment request. However, because the court failed to address defense counsel's

perceived conflict in his continued representation of defendant, we are constrained to vacate the sentence and remand.[1]

Defendant faced prosecution on two indictments for which, if convicted, he could serve in excess of twenty years in prison with an 85% period of parole ineligibility under the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2. On July 26, 2010, as a result of plea negotiations, defendant pled guilty to one count of first-degree aggravated sexual assault, *N.J.S.A.* 2C:14–2a(1), under Indictment No. 08–10–915. Under Indictment No. 10–03–262, defendant pled guilty to four counts of second-degree aggravated assault, *N.J.S.A.* 2C:12–1b(1); one count of second-degree theft by extortion, *N.J.S.A.* 2C:20–5; and one count of third-degree terror-istic threats, *N.J.S.A.* 2C:12–3(a) and/or (b). The State recom-mended an aggregate twenty-year custodial sentence, with an 85% period of parole ineligibility pursuant to NERA. In addition, the agreement included an evaluation at the Avenel Adult Diagnostic Treatment Center, no contact with the victim and the victim's family, HIV/AIDS testing, Megan's Law supervision, parole super-vision for life, DNA testing and appropriate fines and penalties.

More than six months later, on February 18, 2011, defendant appeared for sentencing, at which time he requested an adjourn-ment in order to file a motion to withdraw his guilty pleas. Defendant advised the court that his family was in the process of retaining new counsel and he wanted to withdraw his guilty pleas. The court noted that sentencing had previously been adjourned for two weeks because defendant wanted to speak to federal agents concerning an alleged Caribbean drug cartel about which he had information. Defendant also told the court his new attorney was Carlos Piernos from Florida, who had attempted to contact his trial counsel. When the prosecutor proposed that the court attempt to reach out to Piernos, defendant advised that Piernos was not actually his attorney, but was attempting, on

---

[1] This matter was previously presented on an Excessive Sentencing Oral Argument calendar. *R.* 2:9–11. We referred the matter to the plenary calendar.

behalf of his family, to secure new counsel for him. The court responded:

THE COURT: Okay. I'm not prepared to adjourn the sentencing any longer. We've had since July. You had all of this time to contact another lawyer to do whatever had to be done on this case. Nothing that you've said addressed this case. It addresses some other factors that you're trying to see if you can get some credit.

The Prosecutor has already said that no matter what you do on the other case[,] they're not going to give any credit on this case. So I'm ready to proceed with sentencing.

Having denied the adjournment request, the court then proceeded to conduct the sentencing hearing, asking defendant whether he had anything to say, to which defendant responded, "Your Honor, right now I cannot accept my sentence because I don't think that I have legal representation at this moment." The court thanked defendant and then inquired whether there was anything else. Defense counsel stated:

[DEFENSE COUNSEL]: Your Honor, I feel like I'm in a conflict here because the client is saying he doesn't want me to represent him. He won't cooperate now with sentencing to go over the presentence report, Your Honor.

And I think in the best—since his pre-sentencing he's made this request for a new attorney, I'd like to send this back to the Public Defender's Office so they could have a new attorney represent him, Your Honor.

Because he's saying there's a conflict. He's not cooperating at this point with the sentencing so I can't go through the presentence report with him.

The court did not respond to defense counsel's expressed concerns. Rather, the court inquired whether the prosecutor had "[a]nything else." The prosecutor placed the State's sentencing position on the record. Thereafter, the court afforded defendant another opportunity to speak and defendant expressed to the court that his defense counsel was "not in agreement about me being sentenced right now. And I don't want to be sentenced with him either." The court thanked defendant and then proceeded to complete the sentencing. The court at no time addressed defense counsel's concerns about his continued representation of defendant, nor defendant's concern that he was not being represented by counsel. The court merely sentenced defendant in

accordance with the plea agreement, and the present appeal ensued.

On appeal, defendant raises the following points for our consideration:

POINT I

THE MATTER MUST BE REMANDED CONSISTENT WITH *STATE V. HAYES*, 205 *N.J.* 522 [16 *A*.3d 1028] (2011), SO THAT DEFENDANT'S PLEA-WITHDRAWAL MOTION MAY BE HEARD AND SO THAT HE MAY HAVE A PROPER SENTENCING HEARING WHERE HE EITHER REPRESENTS HIMSELF OR HAS AN ATTORNEY SPEAK ON HIS BEHALF.

A. THE COURT SHOULD REMAND THE MATTER FOR CONSIDERATION OF THE PLEA-WITHDRAWAL ISSUE.

B. VASQUEZ WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL ON THE PLEA-WITHDRAW[AL] ISSUE AND AT SENTENCING.

C. THE JUDGE DEPRIVED VASQUEZ OF COUNSEL OF CHOICE BY FAILING TO POSTPONE THE SENTENCING HEARING.

POINT II

THE MATTER SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE COURT IMPOSED SEXUAL ASSAULT PENALTIES ON A NON-SEXUAL OFFENSE; THE COURT CONSIDERED THE SAME AGGRAVATING FACTORS ON EACH OFFENSE, ALTHOUGH THE AGE OF THE CHILD VICTIM ONLY APPLIED TO ONE OF THE CHARGES; AND THE SENTENCE WAS EXCESSIVE.

█ We agree the court mistakenly exercised its discretion in proceeding with sentencing under the circumstances of this case. We therefore are constrained to reverse. In light of our reversal we need not address Point II.

█ A criminal defendant's request to adjourn a sentencing is committed to the sound discretion of the trial court and a denial of a request to adjourn the matter in order to retain new counsel will not be disturbed on appeal "unless it appears from the record that the defendant suffered manifest wrong or injury." *State v. Hayes*, 205 *N.J.* 522, 537, 16 *A*.3d 1028 (2011) (quoting *State v. Doro*, 103 *N.J.L.* 88, 93, 134 *A*. 611 (E. & A.1926) (citations omitted)). The record here reflects "manifest wrong."

We are satisfied the court placed on the record strong and sustainable reasons justifying the denial of defendant's adjourn-

ment request, most notably, the absence of any competent evidence defendant had retained new counsel, as he initially advised the court. Moreover, as the court noted, defendant entered his guilty pleas in July 2010 and sentencing did not occur until February 2011. The court also acknowledged that there had been a previous adjournment of the sentencing. These findings ordinarily would support the denial of an adjournment request to retain new counsel. The problem here is what followed.

Defense counsel then advised the court that he believed he was in a conflict, because defendant had expressed his desire that defense counsel no longer represent him and defendant was not cooperating with counsel's attempt to review the presentence report with him. Defense counsel requested the opportunity to send the matter back to the Public Defender's Office for assignment of new counsel. Defendant expressed his agreement that he no longer wanted his current defense counsel to represent him. The court failed to address this dilemma. More importantly, in light of the denial of the adjournment request, the court proceeded with sentencing without establishing any record that defendant had knowingly, intelligently and voluntarily waived his right to counsel and had elected to proceed with sentencing, pro se. *See State v. Crisafi*, 128 *N.J.* 499, 608 *A.*2d 317 (1992) (ruling that it is for the court to determine whether an accused has knowingly and intelligently waived that right and to establish the waiver on the record); *see also State v. Buonadonna*, 122 *N.J.* 22, 35, 583 *A.*2d 747 (1991) (holding that waiver of right to counsel "necessitates an on-the-record inquiry of defendant by the trial court to insure that the waiver is made knowingly and voluntarily"). What is also evident from the record is that defense counsel, after expressing his perceived conflict, did not participate in the sentencing.

The State is correct that this case is distinguishable from *Hayes, supra,* in that the sentencing court did not deny defendant's motion to withdraw his guilty pleas, as did the sentencing court in *Hayes*. 205 *N.J.* at 537–38, 16 *A.*3d 1028. That distinction, however, is of no moment, because the critical error here is

the court's failure to address defense counsel's expressed conflict issue. The court should have made findings and then, based upon those findings considered options.

Those options, for example, included determining whether a genuine conflict of interest existed, and, if so, granting an adjournment, notwithstanding the earlier adjournment denial. On the other hand, if the court found no conflict, it could have ordered defense counsel to proceed to vigorously represent defendant in seeking withdrawal of the guilty pleas and, if that application were denied, then with equal vigor, advocate for the best possible sentencing outcome. *See State v. Wiggins*, 158 *N.J.Super.* 27, 31, 385 *A.*2d 318 (App.Div.1978) (holding where defendant discharged trial counsel after losing pretrial motions and left courtroom, "the judge should have ordered counsel to remain at the bar and participate as vigorously as circumstances permitted in the defense of the accused"); *see also State v. Slattery*, 239 *N.J.Super.* 534, 551, 571 *A.*2d 1314 (App.Div.1990). In addition, the court could have ordered defense counsel to serve as standby counsel. *See Ibid.* (addressing circumstances where standby counsel may be appointed with provision for adequate compensation, where non-indigent defendant has neither diligently pursued retaining counsel nor knowingly and voluntarily waived the right to counsel).

Therefore, in the absence of findings on the continued representation by defense counsel, and, if necessary, consideration of other options, the sentence imposed must be vacated and the matter remanded for further proceedings, to include permitting defendant to file a motion to withdraw his guilty pleas. "Because defendant sought to have his motion to withdraw determined before sentence was imposed," he is entitled to have his motion "gauged under the lesser 'interests of justice' burden of proof set forth for presentence plea withdrawal motions under *Rule* 3:9–3(e), rather than the higher 'manifest injustice' burden of proof applicable to post-sentence plea withdrawal motions under *Rule* 3:21–1." *Hayes, supra*, 205 *N.J.* at 542, 16 *A.*3d 1028.

.

Sentence vacated and the matter remanded for further proceedings consistent with this opinion.   We do not retain jurisdiction.