**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4138-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARWIN MCKOY,

    Defendant-Appellant.

_____

        Submitted September 25, 2017 — Decided October 4, 2017

        Before Judges Whipple and Rose.

        On appeal from Superior Court of New Jersey,
        Law Division, Atlantic County, Indictment No.
        13-12-3133.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Daniel V. Gautieri, Assistant
        Deputy Public Defender, of counsel and on the
        brief.

        Damon G. Tyner, Atlantic County Prosecutor,
        attorney for respondent (John J. Santoliquido,
        Assistant Prosecutor, of counsel and on the
        brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Marwin McKoy was charged in Atlantic County Indictment No. 13-12-3133 with third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of heroin with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(13) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) (count five); second-degree possession of a handgun while in the course of committing, attempting to commit or conspiring to commit the crime of distributing heroin, N.J.S.A. 2C:39-4.1 (count six); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7 (count seven). Prior to a bifurcated jury trial, the State dismissed counts two, four, and six, and severed count seven. In the first trial, defendant was found guilty of counts one and three. In the second trial, the same jury convicted defendant of count seven.

The trial court sentenced defendant to a five-year term of imprisonment on the conviction for third-degree possession of heroin. The court imposed a concurrent ten-year term of imprisonment, with five years of parole ineligibility pursuant to the Graves Act, N.J.S.A. 43-6(c), for the second-degree unlawful possession of a weapon conviction. The court granted the State's

2                                    A-4138-15T1

motion for an extended term, treated defendant as a persistent offender pursuant to N.J.S.A. 2C:44-39(a), and sentenced defendant to a concurrent term of fifteen years, with seven and one-half years of parole ineligibility, for the second-degree certain persons not to have weapons conviction.

At the time of sentencing, defendant was serving an aggregate prison term of five years, with two and one-half years of parole ineligibility for violations of probation on four separate indictments.

On appeal, defendant raises, through counsel, the following arguments:

> POINT I
>
> MCKOY WAS PREJUDICED AT HIS TRIAL ON THE CERTAIN-PERSONS GUN CHARGE WHEN THE JUDGE FAILED TO SANITIZE HIS PREDICATE OFFENSE.
> (Not raised below)
>
> POINT II
>
> WHEN MCKOY ASKED THE COURT WHY HE COULD NOT FIRE HIS TRIAL COUNSEL, THE COURT VIOLATED MCKOY'S CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF BY FAILING TO INFORM HIM OF THAT RIGHT.
>
> POINT III
>
> THE MATTER SHOULD BE REMANDED FOR RESENTENCING SO THAT THE JUDGE CAN CONSIDER WHETHER THE SENTENCE SHALL RUN CONCURRENT WITH THE SENTENCE THAT MCKOY WAS SERVING FOR A VIOLATION OF PROBATION.
> (Not raised below)

Defendant raises the following additional points in his pro se supplemental brief:

>POINT I
>
>THE STATE POLICE MANUFACTURED EVIDENCE AGAINST [DEFENDANT] IN VIOLATION OF U.S. CONST. AMEND. IV., V., XIV. AND N.J. CONST. ART. I, P.1, & 7 AND [DEFENDANT]'S CONVICTIONS SHOULD BE SET ASIDE.
>(Not Raised Below)
>
>POINT II
>
>POINT I SUPRA, NOTWITHSTANDING, THE STATE VIOLATED BRADY[1] BY CONCEALING OR SUPPRESSING THE CELL PHONE THAT THE STATE POLICE ALLEGED TO HAVE WITNESSED APPELLANT USING ON "AUGUST 2, 2013."
>(Not Raised Below)
>
>POINT III
>
>POINT I SUPRA, NOTWITHSTANDING, [DEFENDANT]'S CONVICTIONS SHOULD BE SET ASIDE AS THEY ARE THE RESULTANT EFFECTS OF HIS ENTRAPMENT.
>(Not Raised Below)
>
>POINT IV
>
>THE STATE VIOLATED [DEFENDANT]'S RIGHT TO A FAIR TRIAL BY (i) POSITING TO THE JURY THAT THE SP/TSP WERE CONDUCTING SURVEILLANCE BASED UPON "INFORMATION RECEIVED;" (ii) UNFAIRLY INJECTING N.J.R.E. 404(b) EVIDENCE INTO ITS (a) OPENING AND CLOSING STATEMENTS, AND (b) DIRECT EXAMINATIONS; AND (iii) SUBORDINATING ITS WITNESSES TO COMMIT PERJURY.
>(Not Raised Below)

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

<u>POINT V</u>

[DEFENDANT]'S DUE PROCESS AND CONFRONTATION RIGHTS WERE VIOLATED WHEN THE ALLEGED "CS" WAS NOT PRESENTED DURING/FOR [DEFENDANT]'S TRIAL, AND THE STATE, AND ITS ACTORS, AVERRED TO THE EXISTENCE OF THE "CS" DURING THE TRIAL OF APPELLANT.
(Not Raised Below)

For the reasons that follow, we affirm defendant's convictions, but remand for resentencing.

I.

We summarize the pertinent facts from the trial record. On August 2, 2013, State Police troopers, assigned to a tactical unit, were conducting surveillance operations from an unmarked van near Michigan and Caspian Avenues in Atlantic City. The troopers had established surveillance at this location, based on information received, to effectuate a "rip detail," which was defined at trial as the takedown of a suspect.

Defendant walked slowly by the van, and appeared to be looking for someone. Defendant began speaking on his cell phone, approached the van, and looked directly into it from a distance of approximately five feet. Defendant was carrying a black plastic bag and a rolled-up white T-shirt. Troopers recognized defendant from prior law enforcement contact, exited the van, announced themselves as, "State Police," and instructed him to get on the ground. Instead, defendant attempted to flee, resisting the

troopers' attempts to handcuff him.[2]  Subsequent to defendant's arrest, troopers recovered twenty bags of heroin from inside the bag, and a loaded .22 caliber, semi-automatic handgun from inside the T-shirt.

During his pretrial conference, defendant expressed dissatisfaction with his appointed counsel and inquired as to why she could not be fired.  The remainder of the colloquy, between defendant and the court, is replete with defendant's interruptions.  Eventually, defendant was removed from the courtroom and a trial date was scheduled.  The same attorney continued to represent defendant throughout the remainder of the trial proceedings, including sentencing.

At the first trial, the State presented testimony from five law enforcement officers.  Defendant testified in his own behalf. On cross-examination, consistent with the court's pretrial ruling following a Sands/Brunson[3] hearing, the State adduced testimony from defendant that he had been convicted on eight prior occasions.[4]  Consistent with Brunson, testimony concerning the

_____

[2] Defendant was not charged with resisting arrest.

[3] State v. Sands, 76 N.J. 127, 141 (1978); State v. Brunson, 132 N.J. 377 (1993).

[4] Defendant does not challenge the court's ruling on appeal.

nature of the offenses was not elicited from defendant. In light of the stipulation, no witnesses testified at the second trial.

## II.

### A.

For the first time on appeal, defendant argues that the trial court's jury charge in the second trial for the certain persons offense was erroneous. Specifically, defendant argues he was deprived of due process and a fair trial because the trial court failed to sanitize the nature of his qualifying conviction pursuant to State v. Brown, 180 N.J. 572 (2004), and the related model jury charge. See Model Jury Charges (Criminal), "Certain Persons Not to Have Any Firearms [N.J.S.A. 2C:39-7(b)(1)]" (2005) ("Model Charge"). Defendant maintains that although he stipulated to the nature of the predicate offense, that is, possession of a controlled dangerous substance with intent to distribute, the jury should have been instructed only of the bare fact that he was convicted of a predicate offense.

We evaluate defendant's newly-minted argument criticizing the jury charge under a plain error standard of review. R. 1:7-2; R. 2:10-2; State v. Singleton, 211 N.J. 157, 182-83 (2012). When a defendant fails to object to a jury charge at trial, we review for plain error, and "disregard any alleged error 'unless it is of such a nature as to have been clearly capable of producing an

unjust result.'" State v. Funderburg, 225 N.J. 66, 79 (2016) (quoting R. 2:10-2). Plain error, in the context of a jury charge, is "[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." State v. Camacho, 218 N.J. 533, 554 (2014) (alteration in original) (quoting State v. Adams, 194 N.J. 186, 207 (2008)).

Aside from its belated nature, defendant's argument that his predicate offense should have been sanitized is fundamentally flawed on its merits. Pursuant to N.J.S.A. 2C:39-7, a person convicted of certain predicate offenses, who "purchases, owns, possesses or controls a firearm is guilty of a crime of the second degree." A defendant may stipulate to a prior conviction, and this stipulation is conclusive evidence of the predicate offense conviction element where, as here, all the government needs to prove is that the defendant falls into the class of persons precluded from possessing a weapon. Brown, supra, 180 N.J. at 585. "[A] defendant's offer to stipulate does not preclude using evidence of the name and nature of a prior conviction if there is any other purpose for its admission." Ibid.

Unlike the defendant in <u>Brown</u>, defendant chose to inform the jury of the name of the prior crime for which he was convicted. The Model Charge notes specifically, "[u]nless the defendant stipulates, . . . the prior crimes should be sanitized." Model Charge, n.4, (citing <u>Brown</u>, <u>supra</u>, 180 <u>N.J.</u> at 585). The Model Charge notes further, "[n]othing prevents a <u>defendant</u>, however, from choosing to inform the jury of the name of the prior crime of which he/she was convicted." <u>Ibid.</u> (emphasis in original).

After the verdict in the first trial, the trial court instructed the jury that there was a fourth charge for its consideration, that is, "possession of a firearm by a previously convicted person." After properly charging the jury that it "must disregard completely [its] prior verdict and consider anew the evidence previously admitted on the possession of a weapon" charge, the trial court read the remainder of the Model Charge.

As to the prior crime element, the court instructed the jury, "[t]he third element that the State must prove beyond a reasonable doubt is that defendant is a person [who has] previously been convicted of possession of a controlled dangerous substance with intent to distribute." The court instructed further, "the parties have stipulated or agreed that defendant has been convicted of such a crime." Pursuant to the Model Charge, the trial court

9

immediately thereafter read the requisite limiting instruction

that the evidence of defendant's prior crime

> has been introduced for the specific purpose
> of establishing an element of the present
> offense. You may not use this evidence to
> decide that defendant has a tendency to commit
> crimes or that he is a bad person. That is,
> you may not decide that, just because the
> defendant has committed prior crimes, he must
> be guilty of the present crimes.[5]

At the conclusion of the charge, the court reiterated that the

parties had stipulated to defendant's predicate offense, setting

forth the date of conviction and statutory violation. In light

of defendant's stipulation, and the court's carefully worded

limiting instruction as to the specific purpose for which the

nature of the offense was disclosed, we discern no error, much

less plain error, in the jury charge.

### B.

To further support his argument, defendant claims his trial

counsel was ineffective by stipulating to the nature of his

predicate offense. To prove ineffective assistance of counsel, a

defendant must show that his counsel's performance was deficient

and that counsel's error so prejudiced defendant that he was

---

[5] Although the stipulation was limited to one prior crime, the jury had heard evidence in the first trial that defendant had eight prior convictions. As such, the trial court's references to crimes, in the plural, were warranted.

deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2053, 2068, 80 L. Ed. 2d 674, 698 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Generally, we do not entertain ineffective assistance of counsel claims on direct appeal "because such claims involve allegations and evidence that lie outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992). The appropriate procedure for their resolution commonly is not direct appeal, but rather a post-conviction relief ("PCR") application attended by a hearing if a prima facie showing of remediable ineffectiveness is shown. Id. at 460, 463. Where defendant's claim of ineffectiveness relates solely to his allegation of a substantive legal error contained completely within the trial record, however, we can consider it. See State v. Quezada, 402 N.J. Super. 277, 280 (App. Div. 2008).

Defendant's claims are better suited for a PCR proceeding, rather than this appeal, as they appear to concern trial strategy decisions especially where, as here, defendant's lengthy criminal history was elicited on cross-examination during trial. State v. McDonald, 211 N.J. 4, 30 (2012). For example, trial counsel may have stipulated to the underlying narcotics offense, for strategic reasons, to prevent the jury from speculating as to whether the conviction was for a violent offense.

11

The record, however, cannot reveal what occurred during off-the-record interactions between defendant and his attorney, and making an adequate judgment "would require information outside of the record before the [c]ourt." Ibid. Thus, we decline to consider this point. Our determination is without prejudice to defendant's raising it in an appropriate and timely PCR petition.

III.

We next address defendant's argument that the court violated his constitutional rights by failing to inform him he had the right to represent himself after the court was made aware of defendant's dissatisfaction with his trial counsel. We consider this argument, raised below, under a harmful error standard of review. Like the plain error standard, however, harmful error will not lead to reversal unless it is "clearly capable of producing an unjust result." R. 2:10-2. Thus, even though an alleged error was brought to the trial judge's attention, it will not be grounds for reversal if it was a "harmless error." See State v. Macon, 57 N.J. 325, 337-38 (1971).

A defendant has a constitutional right to "represent himself in criminal proceedings." State v. Gallagher, 274 N.J. Super. 285, 294 (App. Div. 1994). This right, however, is not absolute. "A defendant must 'voluntarily and intelligently' elect to conduct his own defense." State v. Harris, 384 N.J. Super. 29, 57 (App.

Div.), certif. denied, 188 N.J. 357 (2006) (quoting Martinez v. Court of Appeal, 528 U.S. 152, 161-62, 120 S. Ct. 684, 691, 145 L. Ed. 2d 597, 607 (2000)). In other words, "the 'right to self-representation does not attach until asserted.'" Harris, supra, 384 N.J. Super. at 57 (quoting Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982)). Moreover, the request must be made "clearly and unequivocally." Harris, supra, 384 N.J. Super. at 57 (quoting Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562, 582 (1975)). Thus, "[i]t is only after a party clearly and unequivocally asserts his or her right to proceed pro se and renounces the right to counsel that the court undertakes an investigation, the goal of which is to determine the adequacy of the waiver." Harris, supra, 384 N.J. Super. at 58.

In Harris, we rejected an argument similar to defendant's contention. Id. at 56. There, the defendant argued that "the court should have conducted a Faretta inquiry after he expressed dissatisfaction with his representation to determine whether defendant wished to represent himself." Ibid. Placing significant emphasis on the defendant's failure to unequivocally state a desire to represent himself, the court found no constitutional violation. Id. at 60. Moreover, we found that the "court was under no obligation to affirmatively suggest the option or hold a hearing into the voluntary and knowing character of a waiver never even

expressed." Ibid. Defendant's reliance on our decision in State v. Vasquez, 432 N.J. Super. 354 (App. Div. 2013), certif. denied, 217 N.J. 296 (2014), also lacks merit. In Vasquez, we found reversible error where the trial court failed to establish whether the defendant waived his right to counsel at his sentencing hearing. Id. at 358. In Vasquez, however, the trial court was aware that the defendant had ceased cooperating entirely with his counsel. Id. at 359.

Here, the colloquy between the trial judge and defendant at his pretrial conference establishes that defendant did not unequivocally express a desire to proceed pro se. Rather, defendant expressed dissatisfaction with his trial counsel and requested to submit unspecified paperwork directly to the judge. Defendant then inquired as to why his attorney could not be fired. These interactions, however, fall far short of defendant's expressing a desire to waive counsel and proceed pro se. Inasmuch as defendant did not unequivocally express a desire to waive counsel, the trial court did not err by not advising him of his right of self-representation. Moreover, although defendant's repeated interruptions during the conference led to his removal from the courtroom, he continued to be represented by his appointed counsel throughout trial. At no time during any of the proceedings

14

was the court made aware that defendant, as he now asserts, had ceased cooperating entirely with his trial counsel.

## IV.

Defendant next argues, and the State concedes, that this matter should be remanded for resentencing so that the trial court can consider whether the aggregate sentences for his instant convictions should run concurrently to the aggregate sentences for defendant's violations of probation. Inasmuch as the court did not make this determination, we remand for resentencing to determine whether, applying the factors set forth in State v. Yarbough, 100 N.J. 627, 643-44 (1985), cert. denied, 475 U.S. 1014, 106 S. Ct. 1193, 89 L. Ed. 2d 308 (1986), the certain persons sentence should be imposed concurrently or consecutively to the violation of probation sentence. See also, N.J.S.A. 2C:44-5. "We offer no view on the outcome of that hearing because the decision to impose consecutive or concurrent sentences rests in the first instance with the trial court." State v. Miller, 205 N.J. 109, 130 (2005).

## V.

Finally, as to the points raised in defendant's pro se supplemental brief, we have considered the record and conclude they are "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(2).

Affirmed in part; remanded in part for resentencing.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4138-15T1