# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3968-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

C.F.,

     Defendant-Appellant.

_____

Submitted May 7, 2020 – Decided May 27, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FO-15-0019-18.

Bathgate Wegener & Wolf, PC, attorneys for appellant (Ryan S. Malc, on the brief; C.F., on the pro se briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant C.F.[1] appeals from the December 19, 2017 order of the Family Part convicting him of contempt for violating a final restraining order (FRO). We affirm.

I.

The following facts are derived from the record. In 2011, K.M., defendant's former spouse, obtained an FRO prohibiting him from having any contact or communication with her. In June 2017, the court amended the FRO to permit communications between the parties concerning the health, education, and general welfare of the couple's child to comport with an order of the Family Part in their divorce proceeding.

In July 2017, K.M. received text messages from the child's cellphone that she believed were from defendant. She texted defendant, asking if he intended not to comply with the amended FRO. He responded with texts calling K.M. a "crazy ass," a "spiteful ass," and a "shrew," along with other harassing and insulting comments. The texts "frightened" K.M. and made her "nervous" because she was to pick up the child from defendant the next day. K.M. reported defendant's alleged violation of the amended FRO to police.

---

[1] We use initials to protect the identity of the parties' child. R. 1:38-3(d)(13).

A-3968-17T1

A few days later, K.M. was copied on a series of emails from defendant to a court-ordered parenting coordinator. When viewing the emails, K.M. was able to see defendant had saved her email address under a modification of her name incorporating a vulgar term. Defendant admitted to having saved K.M.'s email address under that name. K.M. felt "appalled" and "[e]mbarrassed" to be called the vulgarity to the parenting coordinator. She reported this alleged violation of the amended FRO to police.

Defendant was charged with one count of contempt, contrary to N.J.S.A. 2C:29-9(b)(2) (the text messages); one count of contempt, contrary to N.J.S.A. 2C:29-9(a) (the emails); and one count of harassment, contrary to N.J.S.A. 2C:33-4(a) (the emails).

Defendant was tried in a bench trial before Judge Deborah L Gramiccioni. He represented himself at trial. Over defendant's objection, the court appointed an attorney, Patrick Cimino, to serve as standby counsel. In response to defendant's observation that Cimino did not regularly represent criminal defendants, the court explained:

> [H]e is an attorney. . . . . [T]he fact of the matter is
> . . . that all counsel, when they go through law school
> [have] much more training than you in criminal law, in
> rules of evidence and the like. And so, in fact, most of
> the lawyers that appear before me today are not

A-3968-17T1

"criminal lawyers." They're not "family lawyers." They're generalists, which is a lot of people's practices.

The court also warned defendant he risked losing an ineffective assistance of counsel claim if he represented himself at trial and was convicted. Defendant accepted that risk, and claimed he would not hold standby counsel responsible "in any ill way[.]"

During trial, defendant objected to the State's use of the word "victim" to describe K.M., stating she should be referred to as "accuser not the victim, or alleged victim." The judge noted that she understood "it's the alleged victim at this point."

At the conclusion of trial, Judge Gramiccioni found defendant guilty on the contempt charge relating to the text messages, concluding the messages did not concern the health, education, or general welfare of the child, and the language used by defendant was objectionably offensive and harassing. While the judge found defendant sent the emails that referred to K.M. with a derogatory term, she also found the State did not prove he intended to violate the amended FRO or harass K.M. As a result, the court found defendant not guilty of the two counts relating to the emails.

On the single count of contempt of which he was convicted, the court sentenced defendant to thirty days in the county jail, a mental health evaluation,

 A-3968-17T1

and a year of probation. When explaining the basis for ordering the mental health evaluation, the court noted defendant's behavior had been "erratic and confusing at times" during trial.

This appeal followed. C.F.'s counsel raises the following argument for our consideration:

> THE TRIAL COURT ERRED BY NOT ORDERING PRO BONO COUNSEL TO TAKE [THE] LEAD ROLE IN THE TRIAL.

C.F. filed a supplemental pro se brief raising the following arguments for our consideration:

> POINT I
>
> DEFENDANT/APPELLANT WAS APPOINTED COUNSEL THAT WAS NOT A CRIMINAL ATTORNEY. DEFENDANT DID NOT HAVE ADEQUATE ASSISTANCE OF COUNSEL IN THAT THE COURT APPOINTED A PERSONAL INJURY ATTORNEY TO REPRESENT HIM IN A CRIMINAL CASE.
>
> POINT II
>
> JUDGE GRAMICCIONI ERRED IN NOT APPOINTING MR. CIMINO TO REPLACE DEFENDANT AS COUNSEL. THE COURT STATED THAT IF SHE FOUND THAT DEFENDANT COULD NO LONGER ADEQUATELY REPRESENT HIMSELF SHE COULD APPOINT CO-COUNSEL AS COUNSEL.

5

POINT III

COUNSEL WAS INEFFECTIVE IN NOT OBJECTING TO EVERY TIME THE STATE REFERRED TO [K.M.] AS "THE VICTIM" RATHER THAN AS THE PLAINTIFF.

POINT IV

THE CONSTANT AND CONTINUOUS REFERENCE TO PLAINTIFF AS THE VICTIM COMPLETELY ERODES THE PRESUMPTION OF INNOCENCE OF DEFENDANT, AND IMPLIES A FOREGONE CONCLUSION OF GUILT.

POINT V

COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO PLAINTIFF'S TESTIMONY THAT DEFENDANT SENT 100 TEXT MESSAGES IN ONE NIGHT TO PLAINTIFF WHICH WAS WHY SHE SOUGHT [A] RESTRAINING ORDER.

POINT VI

COUNSEL WAS INEFFECTIVE IN FAILING TO PREPARE DEFENDANT FOR CROSS[-]EXAMINATION.

II.

"[T]he Sixth Amendment grants a defendant the right represent himself in criminal proceedings."  State v. Gallagher, 274 N.J. Super. 285, 294 (App. Div. 1994) (citing Faretta v. California, 422 U.S. 806, 821 (1975)); accord Div. of Child Prot. & Permanency v. R.L.M., 236 N.J. 123, 131 (2018).  "[A] state may

6

not constitutionally impose a lawyer upon an unwilling defendant . . . . The right to defend is personal, and it is the defendant, not his lawyer or the prosecutor, who will bear the consequences of a conviction." Gallagher, 274 N.J. Super. at 295 (citation omitted). The right to represent oneself obtains even though "the defendant may conduct his defense ultimately to his own detriment . . . ." Ibid. (citing Faretta, 422 U.S. at 834).

The United States Supreme Court "made explicit that trial judges may appoint standby counsel – even over a defendant's objection – 'to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals.'" In re Commitment of D.Y., 218 N.J. 359, 377 (2014) (quoting State v. Davenport, 177 N.J. 288, 301 (2003); McKaskle v. Wiggins, 465 U.S. 168, 184 (1984)). "Standby counsel is appointed for two main purposes: to act as a 'safety net' to insure that the litigant receives a fair hearing and to allow the trial to proceed without the undue delays likely to arise when a layperson represents his own case." Id. at 377-78 (quoting State v. Ortisi, 308 N.J. Super. 573, 591 (App. Div. 1998)). "Standby counsel also serves to protect the integrity of the proceeding when a

litigant is uncooperative with the court and opposing counsel, or refuses to proceed at all." Id. at 378.

"[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." Ibid. (quoting Faretta, 422 U.S. at 834 n.46); see also State v. Wiggins, 158 N.J. Super. 27, 32-33, (App. Div. 1978). Directing standby counsel to replace a defendant should occur when "the defendant's conduct unmistakably prevents a fair trial . . . ." State v. Reddish, 181 N.J. 553, 605-06 (2004) (citing Faretta, 422 U.S. at 825).

Having reviewed the record in light of these precedents, we conclude the trial court scrupulously respected defendant's right to represent himself at trial. The judge informed defendant of the potential shortfalls of representing himself. He acknowledged the inherent risk and elected to proceed. The court appointed standby counsel to assist defendant in presenting his defense and cross-examining the State's witnesses. Standby counsel is a member of the bar who comported himself well at trial. Defendant frequently sought his advice and permitted standby counsel to question witnesses, address the court, and clarify defendant's arguments. Defendant's argument that standby counsel was insufficiently experienced in criminal matters is meritless. Defendant does not have the right to appointed standby counsel of his choosing.

A-3968-17T1

Nor do we see any basis for defendant's argument that Judge Gramiccioni should have replaced defendant with standby counsel during the trial. Defendant, despite his lack of legal training, questioned witnesses, cross-examined the victim, and presented a defense centered largely on his contention that K.M. frequently initiated contact with him outside the parameters of the amended FRO, leading him to believe his text messages did not violate the order. In addition, defendant argued the email identification of K.M. with a vulgar name was not intended for distribution to others, an argument that proved successful, given that he was acquitted of the two charges relating to the emails.

Because defendant elected to represent himself, his ineffective assistance of counsel claims are limited to the actions of his standby counsel. Ortisi, 308 N.J. Super. at 592. Those claims, however, are "particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding." State v. Preciose, 129 N.J. 451, 460 (1992). This is true here, given that defendant claims his standby counsel requested to be relieved as counsel during a court conference that was not recorded. We therefore decline to address defendant's ineffective assistance of counsel claims on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3968-17T1